UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 07-08-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| RANDALL THOMAS ZELLARS, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On May 1, 2007, this Court denied Zellars' motion to dismiss Count 1 of the Indictment because the Indictment was valid on its face and because the Court was unwilling to make a factual determination concerning an essential element of the crime on which the government bears the burden of proof at trial. [Record No. 53]  In doing so, this Court relied on the Eastern District of Tennessee's analysis in *United States v. Jones*, 2006 U.S. Dist. LEXIS 9269 (E.D. Tenn. Feb. 16, 2006), in which that court held that a *factual* challenge to the viability of a prior conviction for a § 922(g)(1) charge should not be decided on a motion to dismiss.  Citing *Jones*, this Court noted that,

> in making this argument Defendant is asking the Court to find facts that make up the elements of the crime.  To sustain a conviction under § 922(g)(1), the Government must prove beyond a reasonable doubt Defendant was previously convicted of a crime punishable by imprisonment for a term exceeding one year. *See* 18 U.S.C. § 922(g)(1).  To the extent that Defendant's motion is a request for this Court to hold a pretrial test of the Government's evidence, the Court declines to hold such a pretrial test.

[Record No. 53 (*citing Jones*, 2006 U.S. Dist. LEXIS 9269 at \*12)]

Subsequently, on May 11, 2007, the government filed a Motion for Reconsideration of this Court's Order, alleging that the question of whether a prior conviction constitutes a predicate offense for a § 922(g)(1) should be a legal issue for the Court to ultimately decide. In support of this contention, the government cites *United States v. Chenowith*, 459 F.3d 635, 636 (5th Cir. 2006) and *United States v. Grinkiewicz*, 873 F.3d 253 (11th Cir. 1989). Additionally, the government points to the "practical concerns" of presenting the issue of the prior conviction to the jury because of the potential application of Ohio law concerning firearms.[1]

The government's argument is well-taken. Although the Sixth Circuit has never explicitly ruled on the issue of whether the continuing validity of a prior conviction is a legal or factual issue, other circuits have construed its ruling in *United States v. Cassidy*, 899 F.2d 543 (6th Cir. 1990), to have implicitly ruled that it is a legal question. *See United States v. Flowers*, 29 F.3d 530, 534 (10th Cir. 1994) ("Our approach to treat 921(a)(20) as a legal definition is consistent with the approach taken, at least implicitly, by several other courts.") (*citing Cassidy*, 899 F.2d at 545); *see also United States v. Barthelho*, 71 F.3d 436, 440 (1st Cir. 1995). In *Flower*, the Tenth Circuit held that,

> *Section 921(a)(20)*'s effect is narrowly to delineate which prior convictions may be used in a 922(g)(a) case as predicate convictions. As such, 921(a)(20) is simply a legal definition that defines "conviction for a term exceeding one year."
> . . .
> Because 921(a)(20) is definitional, it is the trial judge's responsibility to determine as a matter of law whether a prior conviction is admissible in a 922(g)(1) case.

---

[1] Zellars has not filed a response to the government's motion within the time permitted by the local rules, and the motion stands submitted at this time. LR 7.1(c) provides, in relevant part, that the "[f]ailure to file an opposing memorandum may be grounds for granting the motion."

*Flower*, 29 F.3d at 534-35.   The court in *Flower* further noted that,

> If the defendant adequately objects to the introduction of a prior conviction because it has been expunged or set aside or because the defendant was pardoned or has had civil rights restored, we will review de novo the district court's legal decision as to the admissibility of such prior conviction and we will review the court's underlying factual findings for clear error.

*Id.* at 536.

In the present case, the difficulty presented is that the Defendant claims that he received a certificate restoring his rights, but he has been unable to present that certificate or any other appropriate documentation showing that his rights have been restored.  The only affirmative evidence that has been submitted is Zellars' own testimony that he received the certificate.[2] Additionally, although the government has met its burden and proven that Zellars was initially convicted of a crime punishable by a term of imprisonment exceeding one year, it has been unable to conclusively negate Zellars' contention that he had his rights restored.  Therefore, the "legal question" discussed by the Tenth Circuit in *Flower* would, in this case, depend entirely on the testimony of the Defendant and the lack of any evidence to support his claim.

In its Motion for Reconsideration, the government appears to be requesting that this Court skip over the factual issue of whether Zellars ever received a certificate restoring his rights and instead decide whether he is otherwise prevented from possessing a firearm under Ohio law. [See Record No. 59, p.2 ("However, the decision failed to reach a conclusion as to whether the offense is a felony of violence, which would otherwise prohibit the defendant from possessing

---

[2]   Zellars also submitted several documents from the Ohio Bureau of Criminal Identification and Investigation and the Department of Rehabilitation and Correction showing his final release from "incarceration", but these documents are irrelevant to whether he received a restoration of rights or final release from the Ohio Adult Parole Authority, as required by O.R.C. § 2967.16. [*See* Record No. 53, p. 7-10.]

a firearm under Ohio law.")] If Zellars would be so prohibited under Ohio law, this Court could find that he has been properly charged under § 922(g)(1) even if he his rights have been restored. *See* 18 U.S.C. 921(a)(20) ("Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, *unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.*") (emphasis added); *Cassidy*, 899 F.2d 543 (holding that courts must look to the whole of state law to determine whether a defendant is otherwise restricted from possessing firearms).

However, this Court is not convinced that Zellars' prior conviction for breaking and entering an uninhabited dwelling at night would be considered a felony offense of violence that would prohibit Zellars from carrying a firearm under Ohio law. *See* O.R.C. §§ 2923.13, 2901.01(A)(9). The statute under which Zellars was convicted in 1973 has been repealed, and the Ohio courts have never determined whether a conviction under O.R.C. § 2907.10 would prevent Zellars from possessing firearms under Ohio law. [*See* Record No. 53, p. 10-11 (*citing State of Ohio v. Harris*, 1981 Ohio App. LEXIS 11263 *4-5 (Ct. App. Ohio Feb. 11, 1981) ("We believe it is difficult to ascertain if the defendant's conviction was a felony of violence where the court is not made aware of the actual conduct and especially where the conviction itself is a plea-bargain to a lesser offense."))] Further, all of the cases cited by the government in support of its contention that § 2907.10 is an offense of violence apply federal law, rather than Ohio state law as required by § 922(g)(1). *See, e.g., Schwable Enterprises, Inc. v. The Bureau of Alcohol, Tobacco, and Firearms, United States Department of Treasury*, Case No. 3:94-CV-7513 (N.D.

-4-

Ohio Jan. 27, 1995) (Katz, J.); *United States v. Bentley*, 29 F.3d 1073 (6th Cir. 1994); *United States v. Roberts,* 86 F.3d 1156 (6th Cir. 1996).

In addition, this Court has located an unpublished decision from the Ohio Court of Appeals which held that breaking and entering a dwelling house is not a felony offense of violence under Ohio law. *State of Ohio v. Lowe*, 1975 Ohio App. LEXIS 6093 *2-3 (Ct. App. Ohio, Sept. 18, 1975) (finding that a violation of O.R.C. § 2903.13 is not a felony of violence). In *Lowe*, the court explicitly stated that "[t]he offense of maliciously breaking and entering an office building in the night season and attempt to commit a felony therein does not constitute the commission of a felony of violence." *Id*. at *3.

Here, Zellars pled guilty to breaking and entering the Laurel Oaks Development Campus in the night season with the intent to commit larceny therein. [Record No. 24, Ex. 1] Because he pled guilty, a fully developed record concerning the conviction does not exist, and the Court is not aware of the actual conduct that constituted the offense. *See Harris*, 1981 Ohio App. LEXIS 11263 *4-5. Under O.R.C. § 2901.01, the relevant consideration is whether the offense involved "physical harm to persons or a risk of serious physical harm to persons." O.R.C. § 2901.01(A)(9). The government contends that there may have been such a risk due to the presence of custodians or late night students on the Laurel campus, but there is no evidence in the record to support such allegations. Zellars contends that it is just as likely that the campus was deserted and that there was no risk of harm to persons.

Accordingly, inasmuch as the government's motion for reconsideration requests that this Court find that Zellars' conviction under O.R.C. § 2907.10 is a felony offense of violence under

Ohio law, the motion will be denied. However, after further review, the Court agrees that the viability of a prior conviction for a § 922(g)(1) charge is a legal question that must be decided as a matter of law. Therefore, it will reconsider the issue of whether Zellars had his rights restored under Ohio law.

In *Flower*, the Tenth Circuit noted that the government does not have to affirmatively prove that a defendant has not had his rights restored to properly charge him under § 922(g)(1). *Flower*, 29 F.3d at 535. Rather, "if a defendant believes that one of the prior convictions that the government seeks to use as a predicate conviction under 922(g)(1) does not meet the legal definitional requirements of 921(a)(20), it will be up to the defendant to challenge the admissibility of such conviction," and "[a]ny such challenge must be made with specificity." *Id*. According to that court, "[t]he judge's ultimate decision to admit, or not to admit, a prior conviction as a predicate crime under 922(g)(1) may rest upon a factual evidentiary showing; just as many other substantive legal questions rest upon factual showings." *Id*.

In adopting the Tenth Circuit's approach in *Flower*, the First Circuit has further explained that,

> A claim of restoration of civil rights is in the nature of an affirmative defense. As a result, once a prior felony conviction and corresponding loss of civil rights is proven by the government, as with any other factual condition, the presumption is that that condition remains. *See Jackson*, 57 F.3d at 1016 ("Where affirmative defenses are created through statutory exceptions, the ultimate burden of persuasion remains with the prosecution, but the defendant has the burden of going forward with sufficient evidence to raise the exception as an issue.") (*quoting United States v. Laroche*, 723 F.2d 1541, 1543 (11th Cir.), cert. denied, 467 U.S. 1245 (1984)). It is up to the defendant to raise the issue and produce evidence showing that changed circumstances make the original condition inapplicable. *See Jackson*, 57 F.3d at 1017; *Flower*, 29 F.3d at 535.

*United States v. Bartelho*, 71 F.3d 436, 440 (1st Cir. 1995) (holding that the government is not required to prove the validity of a predicate offense to prove a violation of 922(g)(1)).

In the present case, the government has met its burden of proof concerning the existence of the prior conviction and "corresponding loss of civil rights," and that evidence is uncontested. Therefore, under the courts' analysis in *Flower* and *Barthelo*, the burden is on the Defendant to produce evidence showing that his rights have been restored. *Id*. at 440; *Flower*, 29 F.3d at 535.

Based on the testimony presented at the hearings on March 27 and April 16, 2007, as well as the documentary evidence in the record, the Court finds that Zellars has failed to present sufficient evidence to show that his rights have been restored. This determination is based on the credibility of the Defendant during his testimony on April 16, 2007, as well as his failure to produce any documentation from the Ohio Adult Parole Authority showing that his rights have been restored.[3] More specifically, the Court finds that Zellars' testimony concerning his restoration of rights appeared rehearsed and exaggerated. For example, Zellars testified that he told a number of officers of the court that he had his rights restored and that he "argued with them up and down." [Record No. 54, p. 11] However, he failed to present this argument at his initial detention hearing before United States Magistrate Judge Robert E. Wier or in any other testimony prior to the hearing on April 16, 2007. When asked why he did not testify in an earlier

---

[3] This Court has already determined in its May 1, 2007, Order that the restoration of rights under O.R.C. § 2967.16 was a discretionary decision which required that the Adult Parole Authority enter a final release on its minutes. Accordingly, to show that his rights have been restored, Zellars must show that the Ohio Adult Parole Authority exercised its discretionary authority to enter the final release and thereby restore his rights. [Record No. 53, p. 8-9]

hearing that he had has rights restored, Zellars stated that "[i]t wasn't asked me before." [Record No. 54, p.11]

Additionally, the Court notes that Zellars initially contended that he had his rights restored because he had the right to vote.[4]  As discussed in the Order dated May 1, 2007, the right to vote by itself is insufficient to constitute a restoration of rights within the meaning of § 921(a)(20).  *See Cassidy*, 899 F.2d at 549.  This Court believes that Zellars did have his right to vote restored automatically by operation of O.R.C. § 2961.01, but it otherwise finds Zellars' testimony concerning the certificate restoring his rights to be incredible.   And because Zellars' testimony is the only evidence in the record, the undersigned concludes that he has not had his right to serve on a jury, hold public office, or possess a firearm restored under Ohio law.[5]  Thus, he has not had an effective restoration of rights under § 921(a)(20) and the Sixth Circuit's decision in *Cassidy*.

---

[4]  At the detention hearing on March 5, 2007, Agent Thomas Chittum testified that Zellars "did tell me that he was convicted of that felony. He said he believed his rights had been restored because he was eligible to vote. But he did admit the conviction." [Record No. 23, p. 9] Agent Chittum further testified that Zellars admitted that, at the time of the arrest, he threw the firearm and attempted to conceal the holster beneath the car. [*Id*. at p. 11]

[5]  This conclusion is also consistent with United States Magistrate Judge Robert E. Wier's determinations concerning the credibility of the Defendant at the detention hearing. According to the Magistrate Wier, "[t]he hearing suggested that Defendant believed his "rights" had been restored, relative to the 1976 felony. Defendant's deceptive conduct at arrest undercuts that proffered defense." [Record No. 16, p. 10, n. 11]

**CONCLUSION**

Having determined that Zellars has not had his rights restored within the meaning of § 921(a)(20) and that he has been properly charged under Count 1 of the Indictment, it is hereby

**ORDERED** as follows:

1.  The government's Motion for Reconsideration [Record No. 59] is **GRANTED**, inasmuch as it requests this Court to determine whether Zellars' prior conviction constitutes a predicate offense for the § 922(g)(1) charge as a matter of law; however, the motion is **DENIED** inasmuch as it requests the Court to find that Zellars' prior conviction is a felony offense of violence under Ohio law.

2.  The Court's Order dated May 1, 2007, is **AMENDED** in accordance with this Memorandum Opinion and Order. In particular, the Court finds that Zellars has not had his rights restored under Ohio law. Therefore, his prior conviction pursuant to O.R.C. § 2907.10 does constitute a predicate offense for the 922(g)(1) charge as a matter of law.

This 30th day of May, 2007.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge