UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>V. )<br>)<br>RANDALL THOMAS ZELLARS, )<br>)<br>Defendant. ) | Criminal Action No. 6: 07-08-DCR<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court for consideration of Defendant Randall Thomas Zellars' motion for release from custody pending appeal pursuant to 18 U.S.C. § 3143(b). In short, Zellars claims that there is a substantial likelihood that this Court's decisions regarding his motion to dismiss Count 1 of the Indictment and the sentence imposed in connection with Count 2 will be reversed on appeal. In response, the United States argues that the Court was correct in its prior decisions and that Zellars has failed to establish any circumstances warranting release under § 3143(b). Having reviewed the parties' briefs and the applicable law, the Court will deny Zellars' motion.

**I.    Background**

On January 25, 2007, the grand jury returned a three-count Indictment charging Zellars with being a convicted felon in possession of a firearm (Count 1), possessing body armor after having been convicted of a felony crime of violence (Count 2), and forfeiture of the firearm and ammunition pursuant to 18 U.S.C. § 922(g)(1) and 28 U.S.C. § 2461 (Count 3). Zellars filed a

-1-

motion to dismiss the Indictment, claiming that his prior conviction pursuant to Ohio Revised Code § 2907.10 did not constitute a felony crime of violence or a predicate offense for § 922(g)(1) because he had his rights restored. However, the Court found that the conviction was a felony offense of violence under federal law, and Zellars was unable to produce the certificate restoring his rights or any other proof of his final release from parole pursuant to Ohio Revised Code § 2967.16. Accordingly, the Court denied the motion to dismiss. [*See* Record Nos. 53, 61]

Subsequently, on June 19, 2007, Zellars plead guilty to Count 2 of the Indictment and entered a conditional guilty plea to Counts 1 and 3, reserving his right to appeal this Court's ruling on the motion to dismiss Count 1. On September 24, 2007, he was sentenced to twenty-four months imprisonment on each of the substantive counts, with the sentences to run concurrently, three years of supervised release, and a $100 special assessment on each count. He filed his Notice of Appeal on September 27, 2007.

**II.    Discussion**

Generally, 18 U.S.C. § 3143(b)(1) provides that a defendant who is convicted of a crime and sentenced to a term of imprisonment shall be detained pending any appeal. However, that section also provides that the defendant may be released if the court finds by clear and convincing evidence that: (1) the defendant is not likely to flee or pose a danger to the safety of others if released and (2) the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal or a reduced term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C.

§ 3143(b)(1) (2008).

In the present case, Zellars contends that he is entitled to relief because the Sixth Circuit is likely to reverse this Court's decision regarding the motion to dismiss Count 1. More specifically, Zellars asserts that his prior conviction pursuant to O.R.C. § 2907.10 cannot serve as a predicate offense for the § 922(g) conviction because he was granted his final release from parole and issued a certificate restoring his rights. Zellars claims that this Court incorrectly found "that the restoration of rights set out in ORC 2967.16 was discretionary and that because Zellars could not produce a Certificate evidencing exercise of that discretion he has not shown his civil rights had been restored." [Record No. 83]

Contrary to Zellars' argument, this Court believes it *correctly* found that the Ohio adult parole authority's decision to "enter a final release upon its minutes" is discretionary. [*See* Record No. 53, pp. 8-10; Record No. 61, p. 7 n.3] Further, because Zellars failed to produce evidence, such as a certificate of restoration or other documentation *from the Ohio adult parole authority* showing that it had exercised its discretion to enter a final release in this case, the Court properly concluded that Zellars had failed to rebut the presumption that he no longer possessed certain civil rights, including the right to possess firearms. [*See* Record No. 61, p. 6-7]

Simply put, this Court agrees with the United States' assertion that Zellars has merely "regurgitated the same arguments previously made to this Court in his motion to dismiss," and at the sentencing hearing. [*See* Record No. 84, p.1; Record No. 82, p. 24] Zellars has failed to produce any new or additional evidence indicating that the Ohio adult parole authority has entered a final release with respect to his 1973 conviction. Therefore, the Court again concludes

that he was properly charged and convicted pursuant to § 922(g). And because the Court believes that Zellars was properly convicted on Count 1, it cannot find by clear and convincing evidence that his appeal is likely to result in reversal or a lesser sentence under Count 2.

### III.   Conclusion

For the forgoing reasons, it is hereby

**ORDERED** that Defendant Randall Thomas Zellars' motion for release pending appeal [Record No. 83] is **DENIED**.

This 25th day of April, 2008.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge